IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| SPEECH FIRST, INC., § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | CIVIL ACTION NO. 1:18-cv-1078-LY |
| § | |
| GREGORY L. FENVES, § | |
| § | |
| *Defendant.* § | |

**DEFENDANT GREGORY L. FENVES' OBJECTIONS TO THE DECLARATION OF NICOLE NEILY SUBMITTED BY PLAINTIFF IN SUPPORT OF ITS MOTION FOR PRELIMINARY INJUNCTION**

Defendant Gregory L. Fenves ("Defendant") files these Objections to the Declaration of Nicole Neily Submitted by Plaintiff in Support of Its Motion for Preliminary Injunction ("Motion") as follows:

### I.   LEGAL STANDARD

1. Evidence offered in support of an application for temporary injunctive relief is subject to the standards articulated in the Federal Rules of Evidence. While the Fifth Circuit has determined that the Federal Rules of Evidence may be applied less stringently at the preliminary injunction stage, the trial court's discretion to consider otherwise inadmissible evidence is not unfettered. Specifically, the court must still engage in a thorough analysis and issue a decision that is supported by the record. *Sierra Club, Lone Star Chapter v. FDIC*, 992 F.2d 545, 551 (5th Cir. 1993). Further, the court should only consider inadmissible evidence "in order to serve the primary purpose of preventing irreparable harm before a trial can be held…." *Fed. Savings & Loan Ins. Corp. v. Dixon*, 835 F.2d 554, 558 (5th Cir. 1987). In accordance with this standard, courts have declined to issue temporary injunctions that are supported by otherwise inadmissible evidence. *See Jones v. Am. Council on Exercise*, Civil Action No. H-15-3270, 2017 U.S. Dist. LEXIS 36632, at *4 (S.D. Tex. Mar. 15, 2017) (sustaining objections to

1

evidence offered in support of application for preliminary injunction, despite recognizing that courts give "some leniency" in evidentiary rulings at the preliminary injunction stage); *Rosen Entm't Sys. v. Vision*, 343 F. Supp. 2d 908, 912–13 (C.D. Cal. 2004) (sustaining evidentiary objections in preliminary injunction context despite recognizing court's discretion to consider otherwise inadmissible evidence); *Nano-Second Tech. Co. v. Dynaflex, Int'l*, CV 10-9176 RSWL (MANx), 2011 U.S. Dist. LEXIS 111836, at *3–5 (C.D. Cal. Sept. 28, 2011) (sustaining objections to evidence offered in support of motion for preliminary injunctive relief).

2. Accordingly, Defendant makes the following objections to the Declaration of Nicole Neily, which was submitted by Plaintiff in support of its Motion for Preliminary Injunction:

## II. OBJECTIONS TO EVIDENCE

|  | **TESTIMONY** | **OBJECTION** | **EXPLANATION** |
|---|---|---|---|
| Objection No. 1 | "Speech First's members hold a wide array of different views and opinions on matters such as politics, race, religion, gender identity, abortion, gun rights, immigration, foreign affairs, and countless other sensitive and controversial topics." ¶ 6. | Lacks foundation | Witness does not testify about the basis for her conclusory testimony regarding the beliefs of unidentified third parties. *See X17, Inc. v. Lavandeira*, No. CV 06-7608-VBF(JCx), 2007 U.S. Dist. LEXIS 17279, at *9–10 (C.D. Cal. Mar. 6, 2007) (sustaining an objection to evidence in support of a preliminary injunction where the witness lacked personal knowledge); *Nano-Second Tech. Co.*, 2011 U.S. Dist. LEXIS 111836, at *3–5 (sustaining objections as to lack of foundation in preliminary injunction context); Fed. R. Evid. 601–02. |
| Objection No. 2 | "Speech First's members hold a wide array of different views and opinions on matters such as politics, race, religion, gender identity, abortion, gun rights, immigration, foreign affairs, and countless other sensitive | Calls for speculation | Witness speculates about the beliefs of unidentified third parties without providing a basis for her testimony. *See X17, Inc. v. Lavandeira*, No. CV 06-7608-VBF(JCx), 2007 U.S. Dist. LEXIS 17279, at *9–10 (C.D. Cal. Mar. 6, 2007) (sustaining an objection to evidence in support of a preliminary injunction where the |

|  | **TESTIMONY** | **OBJECTION** | **EXPLANATION** |
|---|---|---|---|
|  | and controversial topics." ¶ 6. |  | witness lacked personal knowledge); Fed. R. Evid. 601–02. |
| Objection No. 3 | "Speech First's members hold a wide array of different views and opinions on matters such as politics, race, religion, gender identity, abortion, gun rights, immigration, foreign affairs, and countless other sensitive and controversial topics." ¶ 6. | Hearsay | Witness relies upon beliefs held and statements made by unidentified third parties, and offers these statements for the truth of the matters asserted. *See A.A. v. Raymond*, No. 2:13-cv-01167-KJM-EFB, 2013 U.S. Dist. LEXIS 102459, at *19–20 (E.D. Cal. July 22, 2013) (sustaining objections to hearsay in the preliminary injunction context); *Jones*, 2017 U.S. Dist. LEXIS 36632, at *4 (sustaining objections to hearsay in the preliminary injunction context); *X17, Inc.*, 2007 U.S. Dist. LEXIS 17279, at *8–9 (refusing to consider hearsay evidence in the preliminary injunction context); Fed. R. Evid. 801. |
| Objection No. 4 | "Speech First's members hold a wide array of different views and opinions on matters such as politics, race, religion, gender identity, abortion, gun rights, immigration, foreign affairs, and countless other sensitive and controversial topics." ¶ 6. | Anonymity of Speech First's members | Witness does not disclose the identity of the members holding the views and opinions about which Witness testifies. *See S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979) (ordering disclosure of plaintiffs' identities absent a compelling need to "protect privacy in a very private matter"); *Rose v. Beaumont Indep. Sch. Dist.*, 240 F.R.D. 264, 269 (E.D. Tex. 2007) (denying motion for leave to proceed under fictitious name); *Jane Doe 1 v. Merten*, 219 F.R.D. 387, 396 (E.D. Va. 2004) (denying motion for leave to proceed under fictitious names in students' case against university officials challenging immigration policies). |
| Objection No. 5 | "Speech First's members at the University want to be able to have open and robust intellectual debates and discussions about these issues in their dormitories, on campus, | Lacks foundation | Witness does not testify about the basis for her conclusory testimony regarding the desires of unidentified third parties. *See X17, Inc.*, 2007 U.S. Dist. LEXIS 17279, at *9–10 (sustaining an objection to evidence in support of a preliminary injunction where the witness lacked personal knowledge); *Nano-Second Tech. Co.*, |

3

Defendant Gregory L. Fenves' Objections to Declaration
22184315v.2

|  | **TESTIMONY** | **OBJECTION** | **EXPLANATION** |
|---|---|---|---|
|  | online, and in the City of Austin." ¶ 7. |  | 2011 U.S. Dist. LEXIS 111836, at *3–5 (sustaining objections as to lack of foundation in preliminary injunction context); Fed. R. Evid. 601–02. |
| Objection No. 6 | "Speech First's members at the University want to be able to have open and robust intellectual debates and discussions about these issues in their dormitories, on campus, online, and in the City of Austin." ¶ 7. | Calls for speculation | Witness speculates about the desires of unidentified third parties without providing a basis for her testimony. *See X17, Inc.*, 2007 U.S. Dist. LEXIS 17279, at *9–10 (sustaining an objection to evidence in support of a preliminary injunction where the witness lacked personal knowledge); Fed. R. Evid. 601–02. |
| Objection No. 7 | "Speech First's members at the University want to be able to have open and robust intellectual debates and discussions about these issues in their dormitories, on campus, online, and in the City of Austin." ¶ 7. | Hearsay | Witness relies upon desires held and statements made by unidentified third parties, and offers these statements for the truth of the matters asserted. *See A.A. v. Raymond*, No. 2:13-cv-01167-KJM-EFB, 2013 U.S. Dist. LEXIS 102459, at *19–20 (E.D. Cal. July 22, 2013) (sustaining objections to hearsay in the preliminary injunction context); *Jones*, 2017 U.S. Dist. LEXIS 36632, at *4 (sustaining objections to hearsay in the preliminary injunction context); *X17, Inc.*, 2007 U.S. Dist. LEXIS 17279, at *8–9 (refusing to consider hearsay evidence in the preliminary injunction context); Fed. R. Evid. 801. |
| Objection No. 8 | "Speech First's members at the University want to be able to have open and robust intellectual debates and discussions about these issues in their dormitories, on campus, online, and in the City of Austin." ¶ 7. | Anonymity of Speech First's members | Witness does not disclose the identity of the members holding the views and opinions about which Witness testifies. *See S. Methodist Univ. Ass'n of Women Law Students*, 599 F.2d at 713 (ordering disclosure of plaintiffs' identities absent a compelling need to "protect privacy in a very private matter"); *Rose*, 240 F.R.D. at 269 (denying motion for leave to proceed under fictitious name); *Merten*, 219 F.R.D. at 396 (denying motion for leave to proceed under fictitious names in students' case against university officials challenging immigration policies). |

4

|  | **TESTIMONY** | **OBJECTION** | **EXPLANATION** |
|---|---|---|---|
| Objection No. 9 | "Yet Speech First's members are afraid to voice their views out of fear that their speech may be considered 'offensive,' 'biased,' 'rude,' 'uncivil,' or 'harassing,' under the Institutional Rules, the Acceptable Use Policy, and the Residence Hall Manual." ¶ 8. | Lacks foundation | Witness does not testify about the basis for her conclusory testimony regarding the fears of unidentified third parties.  See *X17, Inc*, 2007 U.S. Dist. LEXIS 17279, at *9–10 (sustaining an objection to evidence in support of a preliminary injunction where the witness lacked personal knowledge); *Nano-Second Tech. Co.*, 2011 U.S. Dist. LEXIS 111836, at *3–5 (sustaining objections as to lack of foundation in preliminary injunction context); Fed. R. Evid. 601–02. |
| Objection No. 10 | "Yet Speech First's members are afraid to voice their views out of fear that their speech may be considered 'offensive,' 'biased,' 'rude,' 'uncivil,' or 'harassing,' under the Institutional Rules, the Acceptable Use Policy, and the Residence Hall Manual." ¶ 8. | Calls for speculation | Witness speculates about the fears of unidentified third parties without providing a basis for her testimony. *See X17, Inc*, 2007 U.S. Dist. LEXIS 17279, at *9–10 (sustaining an objection to evidence in support of a preliminary injunction where the witness lacked personal knowledge); Fed. R. Evid. 601–02. |
| Objection No. 11 | "Yet Speech First's members are afraid to voice their views out of fear that their speech may be considered 'offensive,' 'biased,' 'rude,' 'uncivil,' or 'harassing,' under the Institutional Rules, the Acceptable Use Policy, and the Residence Hall Manual." ¶ 8. | Hearsay | Witness relies upon fears held and statements made by unidentified third parties, and offers these statements for the truth of the matters asserted.  *See Raymond*, 2013 U.S. Dist. LEXIS 102459, at *19–20 (sustaining objections to hearsay in the preliminary injunction context); *Jones*, 2017 U.S. Dist. LEXIS 36632, at *4 (sustaining objections to hearsay in the preliminary injunction context); *X17, Inc.*, 2007 U.S. Dist. LEXIS 17279, at *8–9 (refusing to consider hearsay evidence in the preliminary injunction context); Fed. R. Evid. 801. |
| Objection No. 12 | "Yet Speech First's members are afraid to voice their views out of fear that their speech may | Anonymity of Speech First's members | Witness does not disclose the identity of the members holding the views and opinions about which Witness testifies.  *See S. Methodist Univ. Ass'n of* |

5

| | **TESTIMONY** | **OBJECTION** | **EXPLANATION** |
|---|---|---|---|
| | be considered 'offensive,' 'biased,' 'rude,' 'uncivil,' or 'harassing,' under the Institutional Rules, the Acceptable Use Policy, and the Residence Hall Manual." ¶ 8. | | *Women Law Students*, 599 F.2d at 713 (ordering disclosure of plaintiffs' identities absent a compelling need to "protect privacy in a very private matter"); *Rose*, 240 F.R.D. at 269 (denying motion for leave to proceed under fictitious name); *Merten*, 219 F.R.D. at 396 (denying motion for leave to proceed under fictitious names in students' case against university officials challenging immigration policies). |
| Objection No. 13 | "Speech First's members fear that they will be investigated or punished by the University for engaging in speech or expression that is protected by the First Amendment." ¶ 8. | Lacks foundation | Witness does not testify about the basis for her conclusory testimony regarding the fears of unidentified third parties. *See X17, Inc.*, 2007 U.S. Dist. LEXIS 17279, at *9–10 (sustaining an objection to evidence in support of a preliminary injunction where the witness lacked personal knowledge); *Nano-Second Tech. Co.*, 2011 U.S. Dist. LEXIS 111836, at *3–5 (sustaining objections as to lack of foundation in preliminary injunction context); Fed. R. Evid. 601–02. |
| Objection No. 14 | "Speech First's members fear that they will be investigated or punished by the University for engaging in speech or expression that is protected by the First Amendment." ¶ 8. | Calls for speculation | Witness speculates about the fears of unidentified third parties without providing a basis for her testimony. *See X17, Inc.*, 2007 U.S. Dist. LEXIS 17279, at *9–10 (sustaining an objection to evidence in support of a preliminary injunction where the witness lacked personal knowledge); Fed. R. Evid. 601–02. |
| Objection No. 15 | "Speech First's members fear that they will be investigated or punished by the University for engaging in speech or expression that is protected by the First Amendment." ¶ 8. | Hearsay | Witness relies upon fears held and statements made by unidentified third parties, and offers these statements for the truth of the matters asserted. *See Raymond*, 2013 U.S. Dist. LEXIS 102459, at *19–20 (sustaining objections to hearsay in the preliminary injunction context); *Jones*, 2017 U.S. Dist. LEXIS 36632, at *4 (sustaining objections to hearsay in the preliminary injunction context); *X17, Inc.*, 2007 U.S. Dist. LEXIS 17279, at |

|  | **TESTIMONY** | **OBJECTION** | **EXPLANATION** |
|---|---|---|---|
|  |  |  | *8–9 (refusing to consider hearsay evidence in the preliminary injunction context); Fed. R. Evid. 801. |
| Objection No. 16 | "Speech First's members fear that they will be investigated or punished by the University for engaging in speech or expression that is protected by the First Amendment." ¶ 8. | Anonymity of Speech First's members | Witness does not disclose the identity of the members holding the views and opinions about which Witness testifies. *See S. Methodist Univ. Ass'n of Women Law Students*, 599 F.2d at 713 (ordering disclosure of plaintiffs' identities absent a compelling need to "protect privacy in a very private matter"); *Rose*, 240 F.R.D. at 269 (denying motion for leave to proceed under fictitious name); *Merten*, 219 F.R.D. at 396 (denying motion for leave to proceed under fictitious names in students' case against university officials challenging immigration policies). |
| Objection No. 17 | "Speech First has brought this suit to ensure that its members and other students at the University will not face investigations or discipline for engaging in the open and vigorous exchange of ideas that is at the core of the First Amendment merely because a University official or another student finds their views 'offensive,' 'biased,' 'rude,' 'uncivil,' or 'harassing[.]'" ¶ 9. | Lacks foundation | Witness does not offer any support for her conclusory statements and speculates about future punishment. *See X17, Inc.*, 2007 U.S. Dist. LEXIS 17279, at *9–10 (sustaining an objection to evidence in support of a preliminary injunction where the witness lacked personal knowledge); *Nano-Second Tech. Co.*, 2011 U.S. Dist. LEXIS 111836, at *3–5 (sustaining objections as to lack of foundation in preliminary injunction context); Fed. R. Evid. 601–02. |
| Objection No. 18 | "Speech First has brought this suit to ensure that its members and other students at the University will not face investigations or discipline for engaging in the open and vigorous exchange of ideas that is at the core of the First Amendment merely | Calls for speculation | Witness does not offer any support for her conclusory statements and speculates about future punishment. *See X17, Inc.*, 2007 U.S. Dist. LEXIS 17279, at *9–10 (sustaining an objection to evidence in support of a preliminary injunction where the witness lacked personal knowledge); Fed. R. Evid. 601–02. |

7

|  | **TESTIMONY** | **OBJECTION** | **EXPLANATION** |
|---|---|---|---|
|  | because a University official or another student finds their views 'offensive,' 'biased,' 'rude,' 'uncivil,' or 'harassing[.]'" ¶ 9. |  |  |
| Objection No. 19 | "Speech First has brought this suit to ensure that its members and other students at the University will not face investigations or discipline for engaging in the open and vigorous exchange of ideas that is at the core of the First Amendment merely because a University official or another student finds their views 'offensive,' 'biased,' 'rude,' 'uncivil,' or 'harassing[.]'" ¶ 9. | Anonymity of Speech First's members | Witness does not disclose the identity of the members holding the views and opinions about which Witness testifies. *See S. Methodist Univ. Ass'n of Women Law Students*, 599 F.2d at 713 (ordering disclosure of plaintiffs' identities absent a compelling need to "protect privacy in a very private matter"); *Rose*, 240 F.R.D. at 269 (denying motion for leave to proceed under fictitious name); *Merten*, 219 F.R.D. at 396 (denying motion for leave to proceed under fictitious names in students' case against university officials challenging immigration policies). |

### III.   CONCLUSION

3. Defendant respectfully requests that the Court sustain these objections, deem the Declaration of Nicole Neily inadmissible and omit such evidence from its consideration of Plaintiff's Motion for Preliminary Injunction, and grant Defendant such other and further relief, at law or in equity, to which Defendant may be justly entitled.

Dated: January 28, 2019                                                Respectfully submitted,

By: */s/ Charles L. Babcock*
Charles L. Babcock
State Bar No. 01479500
Joel R. Glover
State Bar No. 24087593
JACKSON WALKER L.L.P.
1401 McKinney Street, Suite 1900
Houston, Texas 77010
[Tel.] (713) 752-4200
[Fax] (713) 752-4221
*cbabcock@jw.com*
*jglover@jw.com*

Sean D. Jordan
State Bar No. 00790988
Adam W. Aston
State Bar No. 24045423
JACKSON WALKER L.L.P.
100 Congress Ave., Suite 1100
Austin, Texas 78701
[Tel.] (512) 236-2000
[Fax] (512) 236-2002
*sjordan@jw.com*
*aaston@jw.com*

**COUNSEL FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

This is to certify that on January 28, 2019, a copy of the foregoing was electronically filed with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

William S. Consovoy
Jeffrey M. Harris
J. Michael Connolly
Cameron T. Norris
CONSOVOY MCCARTHY PARK PLLC
3033 Wilson Boulevard, Suite 700
Arlington, VA 22201
*will@consovoymccarthy.com*
*jeff@consovoymccarthy.com*
*mike@consovoymccarthy.com*
*cam@consovoymccarthy.com*

COUNSEL FOR PLAINTIFF SPEECH FIRST, INC.

*/s/ Charles L. Babcock*
Charles L. Babcock

Defendant Gregory L. Fenves' Objections to Declaration
22184315v.2