IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SPEECH FIRST, INC., | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 1:18-cv-1078-LY |
| GREGORY L. FENVES, | § § § | |
| *Defendant*. | § | |

### DEFENDANT GREGORY L. FENVES' RESPONSE TO PLAINTIFF'S ALTERNATIVE MOTION TO STRIKE DEFENDANT'S OBJECTIONS TO THE DECLARATION OF NICOLE NEILY

Defendant Gregory L. Fenves files this response in opposition to the Alternative Motion to Strike ("Motion to Strike") contained within Plaintiff's Response to, or in the Alternative Motion to Strike, Defendant's Objections to the Declaration of Nicole Neily ("Response") (Doc. 26). The Response warrants no reply because Plaintiff's inability to refute Defendant's well-founded Objections to the Declaration of Nicole Neily (Doc. 22) is self-evident. But the Motion to Strike calls for this brief response so that Defendant's opposition is clear. *See* L.R. 7.e.1.–2. ("Any party opposing a motion shall file a response . . . . If there is no response . . . the court may grant the motion as unopposed.").

The Motion to Strike fails for three reasons. First, this is not a proper motion to strike, which Rule 12(f) controls. "That Rule makes clear that motions to strike must be directed to a party's pleadings . . . [which] consist of only: a complaint, an answer to a complaint, and a reply to an answer . . . . Accordingly, numerous courts . . . have held that a motion to strike filings (in whole or in part) that are not pleadings . . . is improper." *Santana v. RCSH Operations, LLC*, No. 10-61376-CIV, 2011 U.S. Dist. LEXIS 21814, at **2–3 (S.D. Fla. Feb. 18, 2011) (internal citations omitted). "Consequently, '[m]otions, briefs or memoranda, *objections*, or affidavits may not be attacked by the motion to strike.'" *Superior Prod. P'ship v. Gordon Auto Body Parts Co.*, Case No. 2:06-cv-0916, 2008 U.S. Dist. LEXIS 42521, at *3 (S.D. Ohio, May

28, 2008) (emphasis added) (citations omitted). Plaintiff cites no rule or authority supporting its request, (Doc. 26 at 2–3), instead citing case law where the court, like the Court here, has been asked to rule on objections to evidence filed in support of a preliminary injunction and does so. *See, e.g.*, *Stemtech Int'l Inc. v. Drapeau*, 2016 WL 7443181, at *15 (W.D. Tex. 2016) (ruling on objections to evidence at the preliminary injunction stage); *June Med. Servs. LLC v. Kliebert*, 158 F. Supp. 3d 473, 494 n.30 (M.D. La. 2016) (same). The only other cases Plaintiff cites in support of this relief are inapposite. Those cases denied motions to strike evidence filed in support of a motion for preliminary injunction, not motions to strike *objections* to evidence as Plaintiff attempts to do here. *Tex. Med. Providers Performing Abortion Servs. v. Lakey*, 806 F. Supp. 2d 942, 956 (W.D. Tex. 2011) (denying a motion to strike evidence—not a motion to strike objections to evidence—at the preliminary injunction stage); *AMID, Inc. v. Medic Alert Found. U.S., Inc.*, 241 F. Supp. 3d 788, 797 n.1 (S.D. Tex. 2017) (same). And Plaintiff's analysis of *Jones*, cited in Defendant's Objections, concedes that Plaintiff has no authority for its request: "True, the *Jones* court *ruled* on the objections, rather than rejecting them outright (as Speech First asks the Court to do here). But that is because no party asked the *Jones* court to reject the objections as procedurally improper." (Doc. 26 at 3 (emphasis in original) (citing *Jones v. Am. Council on Exercise*, Civil Action No. H-15-3270, 2017 U.S. Dist. LEXIS 36632, at *4 (S.D. Tex. Mar. 15, 2017) (sustaining objections to evidence offered in support of application for preliminary injunction))).

Second, Plaintiff failed to confer with Defendant on the Motion to Strike as expressly required by Local Rule 7.i., and the Motion to Strike does not contain a Certificate of Conference—a fatal defect. *See* L.R. 7.i. ("The court may refuse to hear or may deny a nondispositive motion unless the movant advises the court within the body of the motion that counsel for the parties have first conferred . . . and, further, certifies the specific reason that no agreement could be made."). Third, Plaintiff docketed the Motion to Strike as a response to Defendant's Objections, and the appropriate (and more efficient) action is for the Court to rule on the objections instead of participating in Plaintiff's groundless procedural distraction.

Accordingly, Defendant requests that the Court deny the Motion to Strike (Doc. 26) and sustain the Objections to the Declaration of Nicole Neily Submitted by Plaintiff in Support of Its Motion for Preliminary Injunction (Doc. 22).

Dated: February 11, 2019                                       Respectfully submitted,

                        By:  */s/ Charles L. Babcock*
                             Charles L. Babcock
                             State Bar No. 01479500
                             Joel R. Glover
                             State Bar No. 24087593
                             JACKSON WALKER L.L.P.
                             1401 McKinney Street, Suite 1900
                             Houston, Texas 77010
                             [Tel.] (713) 752-4200
                             [Fax] (713) 752-4221
                             *cbabcock@jw.com*
                             *jglover@jw.com*

                             Sean D. Jordan
                             State Bar No. 00790988
                             Adam W. Aston
                             State Bar No. 24045423
                             JACKSON WALKER L.L.P.
                             100 Congress Ave., Suite 1100
                             Austin, Texas 78701
                             [Tel.] (512) 236-2000
                             [Fax] (512) 236-2002
                             *sjordan@jw.com*
                             *aaston@jw.com*

                             **COUNSEL FOR DEFENDANT**

Defendant Gregory L. Fenves' Response to Plaintiff's Motion to Strike

## **CERTIFICATE OF SERVICE**

This is to certify that on February 11, 2019, a copy of the foregoing was electronically filed with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

William S. Consovoy
Jeffrey M. Harris
J. Michael Connolly
Cameron T. Norris
CONSOVOY MCCARTHY PARK PLLC
3033 Wilson Boulevard, Suite 700
Arlington, VA 22201
*will@consovoymccarthy.com*
*jeff@consovoymccarthy.com*
*mike@consovoymccarthy.com*
*cam@consovoymccarthy.com*

COUNSEL FOR PLAINTIFF SPEECH FIRST, INC.

/s/ *Charles L. Babcock*
Charles L. Babcock