# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| SPEECH FIRST, INC.,<br><br>*Plaintiff*,<br><br>v.<br><br>GREGORY L. FENVES,<br><br>*Defendant*. | Case No. 1:18-cv-1078-LY |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS ALTERNATIVE MOTION TO STRIKE DEFENDANT'S OBJECTIONS TO THE DECLARATION OF NICOLE NEILY**

It makes no difference whether the Court strikes or overrules the University's so-called "objections" to the Neily declaration. The University does not dispute that Speech First's arguments are at least a reason to *overrule* the objections. Thus, the University's procedural arguments for why the objections cannot be *stricken* are irrelevant, as the University seems to acknowledge. *See* Doc. 27 at 2 (urging the Court to simply "rule on [its] objections instead of participating in [a] groundless procedural distraction").

In case it matters, the Court could also strike the University's objections. Courts have the inherent authority to strike documents, regardless of the confines of Rule 12(f). *See EEOC v. MVM, Inc.*, 2018 WL 1882715, at *5 (D. Md. 2018) ("Although Rule 12(f) does not address motions to strike matter containing in court filings other than pleadings, 'the Court does have inherent authority to strike other documents.'"); *Taylor v. JP Morgan Chase Bank, N.A.*, 2018 WL 5777497, at *3 (E.D. Tenn. 2018) (same); *In re NASDAQ Mkt.-Makers Antitrust Litig.*, 164 F.R.D. 346, 349 (S.D.N.Y. 1996) (same). And the conference requirement of Local Rule CV-7(i) does not apply to Speech First's filing—a *response* brief that merely asks the Court, in the alternative, to invoke its inherent authority to strike an improper document. *Cf. EEOC v. Outback Steak House of Fla., Inc.*, 520 F. Supp. 2d 1250, 1260 (D. Colo. 2007). If anyone violated Local Rule CV-7(i), it was the University when it filed its objections without first conferring with Speech First. The University's objections were a "nondispositive motion" under the Local Rules, which is why the University attached a proposed order to them. *See* Doc. 22-1; L.R. CV-7(g), (i). Regardless, once the University *filed* its objections, it was obvious that any conference over whether they should be stricken was "futile." *Robinson v. La Dock Co.*, 2000 WL 1059860, at *3 (E.D. La. 2000); *Yue v. Storage Tech. Corp.*, 2008 WL 4185835, at *7 (N.D. Cal. 2008).

Finally, it is telling that the University does not even respond to Speech First's arguments against the objections to the Neily declaration. Speech First made several well-developed, thoroughly-cited arguments for why the University's objections are procedurally improper at this stage, are not

1

relevant to any question in dispute, and identify no violation of the federal rules. *See* Doc. 26. While the University brazenly asserts that Speech First's arguments "warrant[] no reply," Doc. 27 at 1, the Court should treat this chest-thumping for what it is: an admission that the University *has* no reply. The Court should overrule or strike the University's objections to the Neily declaration.

                                                            Respectfully submitted,

Dated: February 18, 2019                     /s/ *Cameron T. Norris*

                                                William S. Consovoy
                                                Jeffrey M. Harris
                                                Cameron T. Norris
                                                CONSOVOY MCCARTHY PARK PLLC
                                                3301 Wilson Boulevard, Suite 700
                                                Arlington, VA 22201
                                                (703) 243-9423
                                                will@consovoymccarthy.com
                                                jeff@consovoymccarthy.com
                                                cam@consovoymccarthy.com

                                                *Counsel for Plaintiff Speech First, Inc.*

## CERTIFICATE OF SERVICE

  I certify that on February 18, 2019, I electronically filed this brief with the Clerk of Court using the CM/ECF system.

                                 */s/ Cameron T. Norris*

3